NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW CARGULIA II and GOTHAM SURGICAL PRODUCTS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH AMADEO, ANDREA MUELLER a/k/a ANDREA AMADEO and UNITED BIOTECH CORPORATION, <br><br> Defendants. | Civil Action No. 08-1064 (JAG) <br><br> **OPINION** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before the Court on the motion to dismiss Andrew Cargulia and Gotham Surgical Products Corporation's ("Gotham") (collectively "Plaintiffs") Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), by the defendants Joseph Amadeo, Andrea Mueller a/k/a Andrea Amadeo, and United Biotech Corporation ("Defendants"). Defendants have moved in the alternative for this Court to dismiss or transfer this action to the Eastern District of New York, because of improper venue, pursuant to FED. R. CIV. P. 12(b)(2), 12(b)(3) and 28 U.S.C. §§ 1404(a), and 1406(a). For the reasons set forth below, Defendants' motion to transfer this matter to the Eastern District of New

1

York shall be granted.[1]

## I. BACKGROUND

Plaintiff Andrew Cargulia II is an individual and resident of the State of New Jersey who resides at 210 Tulip Lane, Freehold, New Jersey. (Amended Compl., Parties at ¶ 1.) Plaintiff Gotham Surgical Products Corporation ("Gotham") is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 210 Tulip Lane, Freehold, New Jersey. (Id. at ¶ 2.) Defendant United Biotech Corporation ("United Biotech") is incorporated in the State of New York with its current principal place of business located at 45 West Jefryn Boulevard, Deer Park, New York. (Id. at ¶ 3.) Defendant Joseph Amadeo is a shareholder and salesperson for United Biotech and resides at 8 Beaverbrook Drive, Brookhaven, New York. (Id. at ¶ 4.) Defendant Andrea Mueller a/k/a Andrea Amadeo is the president of United Biotech and resides at 8 Beaverbrook Drive, Brookhaven, NY. (Id. at ¶ 5.)

Plaintiffs bring this action seeking to redress the alleged unlawful and improper conduct of the Defendants to isolate them from United Biotech and to strip them of their managerial functions and ownership interests. (Amended Compl., Facts and Background at ¶ 1.) Plaintiffs claim that they are 25% shareholders in United Biotech. (Id. at ¶ 2.) Since United Biotech's inception in September of 2003, Plaintiffs have run the logistics, marketing, product development,

---

[1] This Court has determined that venue is improper in this district and is transferring this matter to the Eastern District of New York. This Court need not address Defendants' arguments in support of dismissal, as set forth in their moving brief, under FED. R. CIV. P. 12(b)(6) or 12(b)(2). Those motions are denied, without prejudice, as moot. See Garshman v. Universal Resources Holding, Inc., 641 F. Supp. 1359 (D.N.J. 1986) ("System's motion to dismiss Universal's cross-claim for improper venue is granted. System's motions to dismiss the cross-claim on alternative grounds are rendered moot").

sales distribution, and many of the day-to-day functions of United Biotech. (Id. at ¶ 3.) On or about December 18, 2007, Defendants effectively froze Plaintiffs out of the company by denying Plaintiffs access to the business and physically relocating the company without Plaintiff's authorization. (Id. at ¶ 55.) During a meeting on or about December 18, 2007, Joseph Amadeo confirmed Defendants' intention to shut Plaintiffs out of United Biotech. (Id. at ¶ 57.) Defendants are now attempting to extinguish Plaintiffs' ownership rights in United Biotech without compensating Plaintiffs. (Id. at ¶ 60.) United Biotech, through its officers, has failed to prevent these actions against Plaintiffs. (Id. at ¶ 61.)

Plaintiffs filed the Amended Complaint in the United States District Court for the District of New Jersey seeking relief against Defendants. The Amended Complaint consists of the following counts, seeking relief from Defendants' actions: Oppression of Minority Shareholder (Count I); Breach of Fiduciary Duty (Count II); Promissory Estoppel (Count III); Unjust Enrichment (Count IV); Wrongful termination (Count V); Request for an accounting/Imposition of a Constructive Trust against Defendants (Count VI); Breach of Contract (Count VII); and Grant of Injunctive relief (Count VIII).

## II. STANDARD OF REVIEW

Section 1391(a) of title 28 of the United States Code provides: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the

action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

28 U.S.C. § 1406(a) provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[2]

"Section 1406(a) comes into play where plaintiffs file suit in an improper forum. In those instances, district courts are required either to dismiss or transfer to a proper forum." Lafferty, 495 F.3d at 77. See also Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962), which emphasizes that federal district courts may transfer-rather than dismiss-cases that plaintiffs initially brought in an improper forum, regardless whether they otherwise have personal jurisdiction.

### III. ANALYSIS

**A. Improper Venue**

Defendants move to transfer this case to the Eastern District of New York, pursuant to FED. R. CIV. P. 12(b)(3) and 28 U.S.C. § 1406(a), on the grounds that venue in this district is improper. Federal Rule Civil Procedure 12(b)(3) provides that a party may assert a defense of improper venue by motion.

Venue in the District of New Jersey is not proper under section 28 U.S.C. § 1391(a)(1) because all of the Defendants reside in the State of New York. (Amended Compl., Parties at ¶¶ 3-5.) Indeed, all Defendants reside within the Eastern District of New York. (Id.) (See also

---

[2] "Distinctions between §§ 1404(a) and 1406(a) have to do with discretion, jurisdiction, and choice of law. Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007) (citations omitted).

Amadeo Aff. at ¶¶ 1, 9; Mueller Aff. at ¶ 2.)

Based on the facts of the Amended Complaint, and in accordance with 28 U.S.C. § 1391(a)(2), "the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" is New York State, or more specifically the Eastern District of New York. Plaintiffs' causes of action arise out of their alleged ownership interests in Biotech, a New York corporation, whose principal place of business is located within the Eastern District of New York. (See generally Amended Compl.; Amended Compl., Parties at ¶ 3.)

Defendants argue that this Court lacks personal jurisdiction in this matter. Assuming arguendo that this Court has personal jurisdiction over Defendants, this Court finds that 28 U.S.C. § 1391(a)(3), which provides that venue is proper in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought," requires that venue would more properly rest in the Eastern District of New York.

Since all Defendants reside in the Eastern District of New York, and a substantial portion of the activities (of both Plaintiffs and Defendants) giving rise to this action occurred in the Eastern District of New York, this Court finds that this action could have been brought in the Eastern District of New York. Thus, the District of New Jersey is excluded by 28 U.S.C. § 1391(a)(3).

Under 28 U.S.C. § 1406(a), this Court may transfer a matter brought in the incorrect district to an appropriate district. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

5

such case to any district or division in which it could have been brought." Id.

## IV. **CONCLUSION**

Based on a review of the Amended Complaint, and applicable statutes, this Court finds it to be in the interests of justice to transfer this matter to the United States District Court for the Eastern District of New York.


                                           S/Joseph A. Greenaway, Jr.
                                           JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: June 23, 2009